## OWENS *v.* ATLANTA TRUST & BANKING COMPANY.

1. In attachment proceedings against a non-resident, who is not served, the only lien created or foreclosed is that arising by virtue of the seizure of the property levied on.
2. If the plaintiff has a lien on said property by virtue of a contract, or under its charter and by-laws, such lien can not be foreclosed by judicial proceedings unless the defendant is duly served by an officer or by publication.
3. In the present case the only lien foreclosed was that created by the attachment, which was inferior to the title asserted by the claimant, holding under a purchase older than the attachment ; and a verdict finding the property subject was contrary to law.

Argued March 10, — Decided March 31, 1904.

Levy and claim.    Before Judge Reid.    City court of Atlanta. July 3, 1903.

*W. D. Thomson,* for plaintiff in error.

*Dorsey, Brewster & Howell,* contra.

SIMMONS, C. J.　Twenty-eight shares of the capital stock of the Atlanta Trust & Banking Company, standing in the name of Runnette, were levied on and sold at the sheriff's sale of March 6, 1901, and purchased by Owens.　On April 8, 1902, this bank sued out an attachment, which was levied on the same stock. The declaration in attachment alleged that Runnette was indebted to the bank $2,875.98 on a note dated February 25, 1897, and that under the charter and by-laws of the company it had a lien on the stock for its indebtedness, and prayed for a judgment against Runnette, and that the judgment be declared to be a first lien upon the property levied on under the attachment by virtue of the charter and by-laws.　The judgment rendered in the attachment suit is not incorporated in the brief of the evidence, but the execution issued thereon commands the sheriff to make the sum of $2,875.98 out of 28 shares of the capital stock standing in the name of Runnette.　A levy was made, and a claim to the 28 shares was filed by Owens, who insisted that at the sale in March, 1901, he had purchased the same.　The bank insisted that he had only purchased the equity of redemption.　The jury found for the plaintiff in fi. fa., and Owens excepted.

We do not find it necessary or proper to determine the extent of the interest acquired by Owens when he purchased the stock at the sheriff's sale on March 6, 1901.　Whatever interest he acquired was older than the lien created by the levy of the attachment in April, 1902, and that was the only lien which was or could be foreclosed in the present proceeding.　It is true that tax liens, liens for rent, and possibly other statutory liens may be foreclosed by a seizure and without notice to the defendant whose property has been attached.　But in a proceeding under the Civil Code, § 4510, against a non-resident, the only lien foreclosed is that created by the seizure of the property.　No contract or by-law lien held by the plaintiff can be foreclosed without making the defendant a party.　Nor does the non-residence of Runnette alter the case, since the Civil Code, § 4976, par. 3, provides for service by publication where the suit is instituted "to establish, enforce, or foreclose liens" against property in this State belonging to a non-resident or unknown owner.　If the person claiming

the by-law lien desires to enforce the same by retaining possession, by refusal to transfer, by the exercise of a power to sell, or by a sale under the Civil Code, § 2819, the non-residence of the lienor would probably make no difference. When, however, an action is brought for that purpose, service upon the defendant in some of the methods prescribed by the code is necessary. None such having been given in the present case, the lien under the by-law was not properly foreclosed. A sale under an attachment may give as much notice as that required under the Civil Code, § 2819, but it certainly can not be claimed that a sale so conducted is " one usual in the locality where the incorporated company is located." Had the sale taken place, the bank of course would have been estopped to complain, but Runnette would not have been bound, and this fact may have affected the selling price to the injury of Owens, who the bank claims was only the owner of the equity of redemption. The judgment of foreclosure was void; the stock was not subject to the execution issued thereon. The lien of the attachment was inferior to the rights acquired by Owens at the previous sale, and the judgment in favor of the plaintiff and against the claimant was contrary to law.

*Judgment reversed. All the Justices concur.*